UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS ALEXANDER ZAMORA MOLINA,

Petitioner,

v.

WARDEN, Northwest ICE Processing Center, et al.,

Respondents.

CASE NO. 2:26-cv-01893-JNW

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner Jesús Alexander Zamora Molina's petition for writ of habeas corpus. Dkt. No. 1. Having reviewed the petition, the return, Dkt. No. 7, the traverse, Dkt. No. 10, and all other supporting material, the Court DENIES the petition for the reasons below.

## 2.  BACKGROUND

Petitioner is a citizen of Ecuador. In March 2024, he entered the United States via Mexico without being admitted or paroled. Dkt. No. 8 ¶ 4. United States Border Patrol took him into custody and placed him in expedited removal proceedings. *Id.* ¶

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

4; Dkt. No. 9-2. The Government served him with a notice to appear charging him as removable under the Immigration and Nationality Act ("INA"), *see* Dkt. No. 9-3, and then released him from custody on parole and enrolled him in an Alternatives to Detention ("ATD") program. Dkt. No. 8 ¶ 5. Petitioner applied for asylum and withholding of removal. Dkt. No. 1-1 at 1–5.

Citing ATD violations, Petitioner was re-detained in January 2026 when he appeared for an appointment at the Seattle ATD office. Dkt. No. 8 ¶ 6. On March 3, 2026, an immigration judge denied Petitioner's asylum application and ordered him removed but granted his request for withholding of removal to Ecuador. Dkt. No. 1-1 at 1–5; Dkt. No. 8 ¶ 8. Both parties waived appeal, so the removal order became final that day. *Id.* Eight days later, on March 11, 2026, the Government notified Petitioner that it intends to remove him to Mexico. Dkt. No. 9-5; Dkt. No. 8 ¶ 9.

Petitioner filed his first habeas petition in this district on March 30, 2026. Dkt. No. 8 ¶ 10. On May 12, 2026, Judge Evanson denied the petition, holding that Petitioner was mandatorily detained under the 90-day removal period set forth in 8 U.S.C. § 1231(a)(2)(A) and thus had "no colorable claim for release under the Due Process Clause," at that time. *See Zamora Molina v. Warden*, No. 26-cv-01078-KKE, Dkt. No. 12 at 3. Judge Evanson acknowledged the impact that detention might be having on his health and that of his eight-month old son, but she found that Petitioner had not "shown that his conditions of confinement are so severely deficient that they have become punitive." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

On June 2, 2026, just one day after the 90-day removal period expired, Petitioner brought his second habeas petition challenging his prolonged detention and seeking his release. Dkt. No. 1.

## 3. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. § 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

## 4. DISCUSSION

Petitioner argues that his detention violates the Due Process Clause under *Zadvydas*. Dkt. No. 1 at 7. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention." 533 U.S. at 689. Rather, it allows detention only for "a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Court set six months as the "presumptively reasonable" period of post-removal-order detention. *Id.* at 701. After six months, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Importantly, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* The Government's burden to justify continued detention thus becomes increasingly demanding over time.

Petitioner's post-removal-order detention remains within the "presumptively reasonable" period under *Zadvydas*. 533 at 701. Judge Evanson denied his first petition because he was still serving the initial 90-day detention period under 8 U.S.C. § 1231(a)(2)(A). That period expired on June 1, 2026, and the Parties agree that Section 1231(a)(6) now governs his continued detention. *See* Dkt. Nos. 7 at 4; 10 at 4. Accordingly, his post-removal-order detention remains presumptively reasonable under *Zadvydas* until September 3, 2026.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

Petitioner fails to provide sufficient evidence or argument to overcome this presumption. Despite having received a notice of removal, Petitioner argues there is "no significant probability" that the Government will remove him to Mexico in the foreseeable future. Dkt. No. 10 at 4. That argument is better suited to a case in which detention has already exceeded six months, *see, e.g. Nguyen v. Field Off. Dir.*, No. 2:26-CV-00394-DGE, 2026 WL 538487, at *3 (W.D. Wash. Feb. 26, 2026) (granting habeas where petitioner was detained for seven months beyond removal order and there was no indication that third-party countries would accept petitioner or otherwise foreseeable removal), and it is not enough to carry the day here. Petitioner's remaining arguments do not speak to whether his detention is prolonged, but rather to the harms that come with it.

Accordingly, because Petitioner's post-removal-order detention has not exceeded six months, his second petition is denied as premature under *Zadvydas*. *See Sun v. Hermosillo*, No. 2:26-CV-00215-LK, 2026 WL 510666, at *3 (W.D. Wash. Feb. 24, 2026).

Petitioner's remaining claims alleging constitutional violations related to his health conditions and separation from his child fare no better than when he raised them with Judge Evanson. While Petitioner has adduced additional evidence regarding the effect of his detention on his injury and on his infant son's well-being, the record still does not reflect that Petitioner has shown that his conditions of confinement are so severely deficient that they have become punitive. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The petition is thus denied as to those claims.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5

## 5.  CONCLUSION

In sum, Petitioner's second petition for writ of habeas corpus is DENIED with leave to renew should Petitioner's post-removal-order detention extend beyond September 3, 2026.

Dated this 17th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 6